COMMONWEALTH OF KENTUCKY
TRIGG CIRCUIT COURT
CASE NO. _____
DIVISION_____
JUDGE_____

**SARAH E. ELLIOTT**     PLAINTIFF

v.

**HILLCREST CREDIT AGENCY**     DEFENDANT
assumed named for
**COMMONWEALTH HEALTH CORP.**

<u>**SERVE:**</u>
John A. Chaney
800 Park Street
Bowling Green, KY 42101

## COMPLAINT

The Plaintiff, Sarah E. Elliott, for her Complaint against Defendant, Hillcrest Credit Agency, assumed name for Commonwealth Health Corp., states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff against Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith.



## JURISDICTION AND VENUE

2. Plaintiff, Sarah E. Elliott ("*Plaintiff*"), a resident of Trigg County, Kentucky.

3. Plaintiff is a "*consumer*" as that term is defined in the FDCPA with respect to the matters referred to herein.

4. Defendant Hillcrest Credit Agency, assumed name for Commonwealth Health Corporation, Inc. ("*Defendant*" or "*Hillcrest*"), is a Kentucky corporation registered with the Kentucky Secretary of State whose principal office is located at 800 Park Street, Bowling Green, KY 42101.

5. At all pertinent times herein, in this judicial district, Defendant regularly used the mails to collect consumer debts owed or asserted to be owed or due another, and/or otherwise engaged in a business the primary purpose of which was the collection of consumer debt owed or due or asserted to be owed or due another.

6. Defendant is a "*debt collector*" as said term is defined in the FDCPA and with respect to the matters cited herein.

7. This Court has jurisdiction pursuant to Ky. Const. § 112(5) and KRS 23A.010(1).

8. Venue is proper in this Court because the Defendant transacts business in this county, Plaintiff is a resident of this county, and the conduct complained of occurred here.

9. Plaintiff, Sarah E. Elliott, seeks damages in excess of the minimum damages available in this Court.

## FACTS

10. On about November 1, 2022, Plaintiff wrote a letter to Defendant wherein she disputed three medical bills that Defendant reported to credit reporting agencies.

11. Thereafter, Defendant continued to report the debts without noting that the debts were disputed.

## COUNT I
## VIOLATION OF THE FDCPA

12. Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debts.

13. Defendant's representations regarding the debts were materially false, deceptive, and/or misleading, in violation of 15 U.S.C. § 1692e.

14. Defendant failed to communicate to the credit bureaus that the debts were directly disputed by Plaintiff.

15. Within five (5) days after its initial communication in connection with the collection of the debt, Defendant failed to send Plaintiff a written notice of the debt that included the information required by 15 U.S.C. § 1692g(a).

16. Defendant's unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, pain and suffering, inconvenience, turmoil, disgrace, embarrassment, anxiety, humiliation, physical and mental upset, stress, embarrassment, loss of commercial viability, loss of credit opportunities, invasion of privacy, pecuniary loss, and damage to credit rating, credit score, reputation, and perceived credit worthiness.

17. With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendant's noncompliance with the FDCPA is intentional, frequent, widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

18. Defendant's conduct as herein alleged entitles Plaintiff to relief against the Defendant in the form of an award of actual damages, statutory damages, plus attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sarah Ellkot, by counsel, demands relief against the Defendant, Hillcrest Credit Agency, as follows:

A. Entry of a Judgment against Defendant to compensate Plaintiff for her actual damages sustained as set forth in above Count.

B. Entry of a Judgment under the about Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C. Entry of a Judgment against Defendant for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E. Trial by jury on all issues so triable.

F. Entry of an order temporarily and permanently enjoining Defendant from future, similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the subject

debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

G. An award of attorneys' fees and costs herein incurred.

H. Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

**WINTON & HIESTAND**

*/s/ Zachary L. Taylor*
ZACHARY L. TAYLOR
905 Baxter Avenue
Louisville, Kentucky 40204
Phone | Fax: (502) 822-2500
zlt@LouisvilleLawOffice.com

*Counsel for Plaintiff*

